UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY J. SATARIANO,<br><br>                                Plaintiff,<br><br>v.<br><br>ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>                                Defendant. | Case No.:  21cv548-BLM<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>**[ECF No. 23]** |

Currently before the Court is Plaintiff's September 21, 2023, Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [ECF No. 23 ("Mot.")] and Defendant's October 5, 2023 response [ECF No. 24 ("Response")].  For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

On March 29, 2021, Plaintiff filed a complaint against the Commissioner of Social Security, seeking judicial review of the denial of her "application for a period of disability, disability insurance benefits."  ECF No. 1.

On November 1, 2021, the parties filed a Joint Motion for Voluntary Remand.  ECF No. 17.  On November 3, 2021, the Court granted the parties' motion.  ECF No. 18.

On December 20, 2021, the parties filed a Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920.  ECF No. 21.  The Court granted the parties' motion on

December 28, 2021 and awarded Plaintiff attorney's fees and expenses in the total amount of $4,602.00, subject to the terms of the parties' joint motion [see ECF No. 21]. ECF No. 22.

On remand, Plaintiff prevailed, and the Commissioner awarded Plaintiff approximately $207,469.00 in past due Title II benefits. Mot. at 5; see also Declaration of Marc V. Kalagian ("Kalagian Decl.") at ¶ ¶ 3-4, Exhibit 3.

On September 21, 2023, Plaintiff filed a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). Mot. On October 5, 2023, Defendant filed a Response to Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). Response.

## **PLAINTIFF'S POSITION**

Plaintiff seeks an order from the Court awarding attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $30,000 with a credit to Plaintiff for the EAJA fees previously paid in the amount of $4,602.00. Mot. at 1, 15. Plaintiff argues that the $30,000 request is reasonable in light of the work performed and the results achieved. Id. at 5-6. Plaintiff notes that her counsel spent 21.4 hours preparing a motion for summary judgment and stipulated remand with Defendant. Id. at 5-6; see also Kalagian Decl. at ¶ 5, Exhibit 4. Although Plaintiff's counsel is entitled to seek 25% of the net payable past due benefits under the terms of the contingency fee agreement ($51,349.89 based on the $207,469.00 judgment), Plaintiff's counsel only seeks $30,000, which is 14.16% of the past due benefits. Id. at 6. Plaintiff notes that her counsel's de facto hourly rate of $1,401.87 "does not amount to a windfall as a matter of law." Id. at 7.

## **DEFENDANT'S POSITION**

Defendant states that it "neither supports nor opposes Counsel's request for attorney's fees in the amount of $30,000.00, under 42 U.S.C. § 406(b)." Response at 2. Defendant notes that its role is akin to that of a trustee for the claimant and that "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law." Id. Defendant states that in reaching its finding, the Court must consider the contingent fee agreement and perform a reasonableness test, not just rely on the lodestar method. Id. Defendant requests that the Court order that the authorized amount "be paid out of Plaintiff's past-due benefits in accordance with agency policy" and that "Plaintiff's Counsel reimburse

Plaintiff any fees he previously received under the Equal Access Justice Act (EAJA), 28 U.S.C. § 2412." Id. at 2-4.

## LEGAL STANDARD

Pursuant to Section 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant, ... the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary, ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). When contemplating a fee motion under Section 406(b), the Court must first look to the contingency fee agreement and then test for reasonableness. See Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). To determine reasonableness, the Court may consider "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." Barry H. v. Kijakazi, 2023 WL 5985501, at *1 (S.D. Cal., Sept. 13, 2023) (quoting Avina v. Saul, 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021)). The Court should also consider whether inferior representation justifies an award of less than 25% such as "any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case." Bartle v. Kijakazi, 2023 WL 5811845, at *1–2 (S.D. Cal., Sept. 7, 2023) (citing Crawford, 586 F.3d at 1151–52) (citing Gisbrecht, 535 U.S. at 789)).

When an attorney receives EAJA fees and 406(b) fees for the same work, he or she must refund the smaller award to his or her client. See Gisbrecht, 535 U.S. at 807.

## ANALYSIS

The Court finds that Plaintiff's fee request is reasonable. On April 18, 2021, Plaintiff entered into a Social Security Representation Agreement with counsel wherein she agreed that "the fee for successful prosecution of this matter is a separate 25% of the past due benefits

awarded upon reversal of any unfavorable ALJ decision for work before the court." Kalagian Decl. at Exhibit 1.  Because there is no evidence of "fraud or overreaching" in the negotiation of the Representation Agreement and because the fee agreement is within the statutory ceiling, the Court looks to the character of the representation and the results achieved to determine reasonableness. Crawford, 586 F.3d at 1145; see also Gisbrecht, 535 U.S. at 808.

On August 26, 2021, the parties filed a Joint Status Report and informed the Court that after engaging in good faith settlement negotiations, they were unable to settle the matter.  ECF No. 13.  Two weeks later, Plaintiff's counsel drafted and filed a Motion for Summary Judgment.  ECF No. 14.  On November 1, 2021, the parties filed a Joint Motion for Voluntary Remand.  ECF No. 17.  On remand, counsel achieved a fully favorable decision for his client and Plaintiff was granted $207,469.00 in retroactive disability benefits.  Kalagian Decl. at ¶ ¶ 3-4, Exhibits 2-3.  As a direct result of Plaintiff's counsel's efforts, Defendant declined to oppose Plaintiff's Motion for Summary Judgment and instead agreed to a Joint Motion for Remand.  Upon remand, Plaintiff's counsel successfully secured more than two hundred thousand dollars in retroactive benefits for Plaintiff.  This is an outstanding and successful result for Plaintiff that would not have happened with a substandard performance by her counsel.

The Court notes that counsel's *de facto* hourly rate of $1401.87[1] is on the higher end, however, several cases have found rates of $1300 - $1600 to be appropriate, including cases in this district. See Roland S. v. Kijakazi, 2023 WL 6966153, at *3 (S.D. Cal., Oct. 20, 2023) ("[t]he de facto hourly rate is thus $1,438.35, which—although high, as discussed in further detail below—is in line with hourly rates approved by courts in similar cases, including in this district.") (citing Desiree D. v. Saul, 2021 WL 1564331, at *3 (S.D. Cal. Apr. 20, 2021) (approving a de facto hourly rate of $1,494.34); Martinez v. Saul, 2019 WL 3322481, at *2 (S.D. Cal. July 24, 2019) (approving a de facto hourly rate of $1,488.83); and Reddick v. Berryhill, 2019 WL 2330895, at *2 (S.D. Cal. May 30, 2019) (approving a de facto hourly rate of $1,990 upon

---

[1] The *de facto* hourly rate is calculated by dividing the $30,000.00 fee requested [amount of reward sought] by 21.4 hours [total hours worked].

reconsideration after previously reducing the fee award to an effective hourly rate of $1,080.26).[2] Plaintiff's counsel spent a reasonable amount of time – 18.5 hours of attorney time and 2.9 hours of paralegal time - working on this matter to achieve a successful result. Kalagian Decl. at ¶ 5. There is nothing in the billing statement showing "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." Crawford, 586 F.3d at 1151–52. There is also no evidence or indication that Plaintiff's counsel's work was inferior, that he engaged in dilatory conduct, or that he delayed the proceedings to potentially incur more fees.  Accordingly, none of the factors the Court considers for reasonableness favor reducing the fee award.

In further support of its finding, the Court notes that taking Plaintiff's case on a contingency basis created a substantial risk for Plaintiff's counsel of not recovering any attorney's fees. Plaintiff already had a negative decision from the ALJ when she sought review in this Court. Additionally, while the fee agreement entitles counsel to 25% of Plaintiff's past-due benefits, he is only seeking 14.46% of the $207,469.00 in past-due benefits he obtained for Plaintiff. This voluntary reduction by counsel supports the Court's finding that Plaintiff's request is reasonable.

## **CONCLUSION**

Plaintiff's counsel bore the risk of a contingency fee arrangement, successfully got the matter remanded, received an order for retroactive benefits of $207,469.00 for his client, and only seeks 14.46% of the past due benefits despite agreeing that he would be paid 25% of those benefits. Accordingly, the Court finds that a downward adjustment of the requested fee

---

[2] See also Marshall v. Saul, 2020 WL 2849484, at *3 (S.D. Cal., June 2, 2020) (approving a fee that amounted to approximately $1,526.75 an hour); Escamilla v. Saul, 2020 WL 5064321, at * 3 (S.D. Cal. Aug. 27, 2020) (stating that a fee award of $30,000 for a total of 14.65 hours of attorney and paralegal time, equating to an hourly rate of $2,055, was reasonable and explaining that it did not wish to "penalize counsel for being efficient."); and Biggerstaff v. Saul, 2019 WL 4138015, at *3-5 (C.D. Cal. July 5, 2019), aff'd, 840 F. App'x 69 (9th Cir. 2020) (reducing effective attorney hourly rate from $2,747.25 to $1,400 per hour).

is not appropriate, and **GRANTS** Plaintiff's motion for fees pursuant to 42 U.S.C. § 406(b). The Court awards Law Offices of Lawrence D. Rohlfing, Inc., CPC attorney fees in the amount of $30,000.00. The Court orders Law Offices of Lawrence D. Rohlfing, Inc., CPC to reimburse Wendy J. Satariano the amount of $4,602.00 for EAJA fees received.

    **IT IS SO ORDERED**.

Dated:  11/7/2023

Hon. Barbara L. Major
United States Magistrate Judge